**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11512
Non-Argument Calendar
_____

STONI MEDICAL STAFFING,

*Plaintiff,*

JAZZMA HALL,

*Plaintiff-Appellant,*

*versus*

ALLY FINANCIAL,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:23-cv-00003-RSB-CLR
_____

Before JORDAN, KIDD, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jazzma Hall and Stoni Medical Staffing ("Stoni"), acting pro se, filed this action against Ally Financial ("Ally") in the Superior Court of Chatham County, Georgia. The Superior Court granted them leave to proceed in forma pauperis. Stoni is a limited liability company; Hall is its sole member. Their complaint sought rescission of three instalment contracts Stoni entered into and Ally financed for the purchase of automobiles.

Ally timely removed the case to the U.S. District Court for the Southern District of Georgia, invoking that Court's jurisdiction under 28 U.S.C. § 1332, and answered the plaintiffs' complaint.

Stoni and Hall promptly moved for summary judgment. Ally responded with a cross-motion for summary judgment. While the motions were pending, the District Court entered an order stating that Hall was not a lawyer and thus could not represent Stoni and that Stoni, an artificial entity, could not proceed without counsel. The Court therefore ordered that Stoni retain counsel, who must enter an appearance within 30 days, and that its failure to do so could subject Stoni to dismissal from the case. *See, e.g.*, *U.S. v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008) (holding that when the plaintiff is an entity and is not entitled to litigate pro se fails to retain counsel after being given a reasonable opportunity to do so, the court should dismiss the case). Rather than retain counsel for Stoni, Hall filed a response requesting that Stoni be removed from the case with leave to reenter the case if it retained counsel.

Instead of ruling on the parties' motions for summary judgment, the District Court entered an order dismissing the case. The Court found that Stoni failed to comply with its order to retain counsel and dismissed Stoni for failure to comply with a court order. Regarding Hall, the Court dismissed her claim for lack of standing with this statement:

> The dismissal of Stoni Medical from this case leaves Hall as sole Plaintiff. In the response it filed to Hall's request that Stoni Medical be dismissed from the case with the right to re-join, Ally urged (for the first time) that Hall lacks standing to assert any of the claims in the case in her personal capacity. Ally emphasized that the claims are premised entirely upon contracts that were executed only by Stoni Medical and to which Hall was not a party. Hall replied to this response, but she did not contest that the contracts were executed by Stoni Medical. Instead, she claims she has standing because she, as sole member of Stoni Medical, signed the underlying contracts.

Addressing the standing issue, the Court stated:

> "[S]tanding is a threshold question that must be explored at the outset of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019). "To satisfy the standing requirement, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Debernardis v. IQ Formulations, LLC*, 942 F.3d

1076, 1083 (11th Cir. 2019) (internal quotation and citation omitted). "The plaintiff bears the burden of establishing each element" to establish that he has standing. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Because Hall failed to satisfy this burden, the Court dismissed her claim, and thus her complaint, with prejudice.

We agree with the District Court that Hall lacked standing. When a plaintiff lacks standing to bring a claim, the district court lacks subject matter jurisdiction over the case. *McGee v. Solic. Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013). Normally, when a district court determines that a plaintiff does not have standing, it must dismiss that plaintiff's claims without prejudice. *Id.* "This is not so, however, in the removal context," in which 28 U.S.C. § 1447(c) requires that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* (quoting 28 U.S.C. § 1447(c)).

Instead of dismissing Hall's case for lack of standing, the District Court should have remanded the case to state court. We accordingly VACATE the District Court's judgment and REMAND the case with the instruction that the Court enter an order remanding Hall's case to state court.

25-11512                 Opinion of the Court                          5

## VACATED AND REMANDED WITH INSTRUCTION.[1]

---

[1] Hall has filed a motion to waive paper-copy requirements or, in the alternative, for an extension of time, which we **DENY AS MOOT**.